IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sandra Ann Wright, #160932,  )<br>  )<br>              Petitioner,  )<br>  )<br>   vs.  )<br>  )<br>Warden, Leath Correctional Institution,  )<br>Catherine Kendall,  )<br>  )<br>              Respondent.  )<br>_____) | C/A No. 0:09-1034-MBS-PJG<br><br>**REPORT AND RECOMMENDATION** |

The petitioner, Sandra Ann Wright ("Wright"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment. (Docket Entry 18.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the motion. (Docket Entry 20.) Wright filed a response in opposition to the respondent's motion. (Docket Entry 22.) The motion is now before the court for a Report and Recommendation.

**BACKGROUND**

Wright was indicted in August 1989 in Greenville County for murder (89-GS-23-6577) and armed robbery (89-GS-23-6576). (Docket Entry 19-8 at 13, 15.) Wright was represented by W. Richard James, Esquire, and on September 20-22, 1989, was tried by a jury and found guilty as charged. (Tr. Vol. II at 533; Docket Entry 19-6 at 28.) The circuit court sentenced Wright to life imprisonment for murder and fifteen years' imprisonment for armed robbery, to be served consecutively. (Tr. Vol. II at 543-44; Docket Entry 19-6 at 38-39.) Wright did not file a direct appeal.

On October 24, 1989, Wright filed a *pro se* application for post-conviction relief ("1989 PCR Action").[1] (See Wright v. State of South Carolina, 89-CP-23-4131, Docket Entry 19-7.) The State filed a return. (Docket Entry 19-8.) On February 14, 1990, the PCR court held an evidentiary hearing at which Wright appeared and testified and was represented by Edward Sauvain, Esquire. The PCR judge dismissed Wright's PCR application with prejudice in an order dated March 26, 1990 and served March 30, 1990. (Docket Entry 19-9.) Wright did not appeal the denial of her 1989 PCR Action.

Wright filed a second PCR application on April 27, 2006 ("2006 PCR Action"). (See Wright v. State of South Carolina, 06-CP-23-2863, App. at 1-14; Docket Entry 19-10 at 3-16.) The State filed a return and motion to dismiss. (App. at 15-20; Docket Entry 19-10 at 17-22.) On October 11, 2006, the court issued a conditional order of dismissal in which it dismissed Wright's second PCR application as untimely under the PCR Act, S.C. Code Ann. § 17-27-45(a), and as barred by the doctrine of laches. (App. at 21-25; Docket Entry 19-10 at 23-27.) Wright responded to the conditional order. (App. at 26-50; Docket Entry 19-10 at 28-52.) A final order of dismissal was issued on January 11, 2007. (App. at 19-10 at 51-53; Docket Entry 19-10 at 53-55.)

Wright filed a *pro se* appeal with the South Carolina Supreme Court. Although initially dismissed because of her failure to provide an explanation pursuant to Rule 227(c) of the South Carolina Appellate Court Rules as to why the PCR court's decision was improper (Docket Entry 19-11), Wright's appeal was reinstated on March 5, 2007 by order of the South Carolina Supreme Court.

---

[1] The court notes that the file stamp on Wright's 1989 PCR application is illegible. (Docket Entry 19-7 at 1.) According to the Notary Public, the document was signed on October 24, 1989. (Id. at 6.) The respondent asserts that it was filed on October 26, 1989. (Respt.'s Mem. in Supp. of Mot. Summ. J., Docket Entry 19 at 2.) However, the court has found no document in the record reflecting this filing date. In any event, for the reasons discussed below, this discrepancy does not affect the calculation of Wright's deadline to file a federal habeas petition.

(App. at 75-76; Docket Entry 19-10 at 75-76.) On April 30, 2007, Robert M. Pachak, Esquire, counsel for Wright, filed a Johnson[2] petition for a writ of certiorari and a petition to be relieved as counsel. (Docket Entry 19-12.) The South Carolina Supreme Court transferred the case to the South Carolina Court of Appeals pursuant to Rule 227(*l*) of the South Carolina Appellate Court Rules. (Docket Entry 19-13.) The South Carolina Court of Appeals, after Johnson review, denied Wright's petition for a writ of certiorari on May 5, 2008. (Docket Entry 19-14.) The remittitur was issued on May 21, 2008. (Docket Entry 19-15.)

## FEDERAL HABEAS ISSUES

Wright filed the instant Petition for a writ of habeas corpus on March 30, 2009. (Docket Entry 1 at 14.) In her Petition, Wright raises the following issues:

> **Ground One:** Denied a direct appeal of a jury trial from trial court sentencing to life and years
> **Supporting Facts:** The applicant did not knowingly and voluntariely waive her rights to a direct appeal. The applicant's attorney did not filed a direct appeal on her behalf. Subsequently to that, the appellant did not know and appeal couldive been filed.
>
> **Ground Two:** Ineffective Assistance of Trial Counsel
> **Supporting Facts:** Trial counsel excluded evidence of (3) polygraphy examination test that the appellant passed. Failed to provide scientific proof of evidence to directly connect the appellant of the crime, falsely representation of the appellant. Failed to move to suppressed the State's evidence, that was based on entrapment of the applicant, when co-defendants was giving plea deals.
>
> **Ground Three:** Miranda Rights Violation 5th Amendment Self Incrimination of the 5th Amendments.

---

[2]Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

> **Supporting Facts:** Arresting officers obtained a polygraphy examination. In violation of the 5th Amendment. The Applicant was denied a right to have counsel present for this polygraphy examination. Polygraphy was not conducted at (S.L.E.D.) South Carolina Law Enforcement Division. Director of the police dept was not aware of agent's acts.
>
> **Ground Four:** 4th Amendment Rights Violation. To obtained evidence of scientific proof of polygraphy exam illegally.
> **Supporting Facts:** Arresting officer's, obtained a detailed description of an account that lead up to the murder and armed robber, by scientific proof, from the appellant, this (exam) was not court ordered and appellant was coerced to submit to polygraphy exam, with a counsel being present to give advice or to object, the polygraphy exam, (F-R-E-E-D) the appellant.

(Pet., Id. at 5-10.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

*PJG*

C.  **Statute of Limitations**

The respondent argues that Wright's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). Because Wright was convicted before the effective date of the AEDPA—April 24, 1996—Wright had one year from the effective date of the AEDPA in which to file her federal habeas petition. See Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). Accordingly, the limitations period began to run on April 25, 1996 and expired on April 24, 1997, unless the period was at any time tolled for any properly filed state PCR application. Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled"); see 28 U.S.C. § 2244(d)(2).

Wright filed her first state PCR application on October 24, 1989. As this PCR application was filed and decided prior to the effective date of the AEDPA, the 1989 PCR Action had no effect on Wright's one-year statutory deadline, as her limitations period had not yet begun to run.

Although Wright filed a second PCR application on April 27, 2006, this application was filed after the expiration of the one-year limitations period under § 2244(d)(1)(A). Moreover, even if it had been filed before the expiration of the deadline, it would not toll the statute of limitations because the PCR court dismissed it as untimely. Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling). Therefore, Wright's statutory deadline expired on April 24, 1997.

Wright's federal Petition was filed on March 30, 2009. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). Accordingly, Wright filed her federal habeas Petition over eleven and a half years after the expiration of the one-year limitations period under § 2244(d)(1)(A).

### D. Wright's Arguments

In her response to the respondent's motion for summary judgment, Wright appears to reargue her asserted grounds for habeas corpus relief. (Docket Entry 22.) Specifically, she asserts that her trial counsel was ineffective and attaches the transcript of her state court trial. However, Wright does not make any argument in response to the respondent's statute of limitations defense.

### RECOMMENDATION

Based upon the foregoing, the court finds that Wright's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (Docket Entry 18) be granted.

*[signature]*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 9, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).