IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sandra Ann Wright, #160932, | ) | |
| | ) | C/A No. 0:09-1034-MBS |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Warden, Leath Correctional Institution | ) | |
| Catherine Kendall, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Sandra Ann Wright ("Petitioner") is a prisoner at the Leath Correctional Institution in the South Carolina Department of Corrections. On April 20, 2009, Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Entry 1. This matter is before the court on Respondent's motion for summary judgment, filed on August 20, 2009. Entry 19. For the reasons set forth below, the court grants Respondent's motion for summary judgment and dismisses Petitioner's petition for writ of habeas corpus as untimely.

I.     **BACKGROUND**

In August 1989, Petitioner was indicted for murder (89-GS-23-6577) and armed robbery (89-GS-23-6576) in Greenville County, South Carolina. Entry 19-8, 13, 15. On September 22, 1989, Petitioner was found guilty on both charges following a jury trial. Entry 19-6, 28. The Honorable Hubert E. Long, Circuit Court Judge for the Court of Common Pleas for Greenville County, sentenced Petitioner to life imprisonment for murder and fifteen years' imprisonment for armed robbery, to be served consecutively. Entry 19-6, 39. Petitioner did not file a direct appeal. Entry 19-7, 2.

On October 24, 1989, Petitioner filed a *pro se* application for post-conviction relief ("1989 PCR Action"). Id. In the 1989 PCR Action, Petitioner alleged she was being held in custody unlawfully due to the ineffective assistance of her trial counsel, W. Richard James ("Mr. James").[1] The State filed a return on December 12, 1989. Entry 19-8. An evidentiary hearing was held before the Honorable Dan Laney, Circuit Court Judge for the Court of Common Pleas for Greenville County, on February 14, 1990. Entry 19-9. At the PCR hearing, Petitioner was represented by Edward Sauvain ("Mr. Sauvain"). Id. After hearing the testimony of Petitioner and Mr. James, and after reviewing the record in its entirety, Judge Laney determined that Mr. James was diligent in his representation of Petitioner and dismissed Petitioner's 1989 PCR Action. Id. at 5. Petitioner did not appeal Judge Laney's denial of her 1989 PCR Action.

Petitioner filed a second PCR application on April 27, 2006 ("2006 PCR Action"). Entry 19-10, 3-16. In the 2006 PCR Action, Petitioner alleged ineffective assistance of counsel, prosecutorial misconduct, double jeopardy, and violations of the Fourth and Fifth Amendments. Id. at 4-5.

---

[1] Specifically, Petitioner alleged that the following:

> Attorney did not bring out all the evidence. I hired this attorney and then he withdrew from the case. He said that he felt I was innocent, but since the death penalty was being sought, he could not be resonsible [sic] if I were found guilty. The Judge put him back on my case one week prior to the trial, and I feel he did not work on my case to the best of his ability because he was ordered by the judge to defend me. The attorney had statements from both co-defendants stating that they had lied on me, but this was not brought out in court. The other two involved in this murder was not brought to court at all. I was supposed to have used my mother's car to pick up the deceased, but my mother's car was not even running at the time. None of this was brought out in court. My attorney was not looking after my best interest. All of the facts were not presented at my trial. I feel my rights were violated because I was not represented in my best interest. The attorney did not have the proper time to prepare my case. He did not want to be on the case from the beginning. Entry 19-7, 2-3.

Petitioner further alleged that her warrant was not acted upon within ninety (90) days and she was not afforded a direct appeal of conviction. Id. The State filed a return and motion to dismiss. Entry 19-10, 17-22. On October 5, 2006, the Honorable G. Edward Welmaker, Circuit Court Judge for the Court of Common Pleas for Greenville County, issued a conditional order of dismissal in which he dismissed Petitioner's 2006 PCR application as untimely. Id. at 23-37. A final order of dismissal was entered on January 11, 2007. Id. at 53-55.

Petitioner filed a *pro se* appeal of Judge Welmaker's order of dismissal to the Supreme Court of South Carolina. Entry 19-10. Petitioner's appeal was dismissed for failure to provide an explanation as to why the circuit court's determination was improper, as required by Rule 227(c) of the South Carolina Appellate Court Rules ("SCACR"). Entry 19-11. In response, Petitioner filed a petition for writ of certiorari, a notice for enlargement of time to file a Rule 227(c) explanation, a motion to recall the remittitur, and a motion to recall the Supreme Court's order of dismissal. Entry 19-10, 56-74. After determining that Petitioner's Rule 227(c) explanation was sufficient, the Supreme Court of South Carolina reinstated Petitioner's appeal on March 5, 2007. Id. at 75-76. On April 30, 2007, Petitioner's counsel, Robert M. Pachak, filed a Johnson[2] petition, requesting a writ of certiorari and permission to be relieved as counsel. Entry 19-12. The Supreme Court of South Carolina transferred the case to the South Carolina Court of Appeals pursuant to Rule 227(l) of the SCACR. Entry 19-13. The South Carolina Court of Appeals denied Petitioner's petition for writ

---

[2] See Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying Anders v. California, 386 U.S. 738 (1967 to post-conviction appeals). An Anders brief is a request by a court-appointed attorney to withdraw from representing a criminal defendant on appeal because the attorney's belief that there are no meritorious grounds for relief. *"*Anders requires appellate counsel to brief arguable issues, despite counsel's belief the appeal is frivolous, as a safeguard of the right to appeal." Austin v. State, 305 S.E.2d 395, 396 (S.C. 1991).

of certiorari and granted Mr. Pachak's request to withdraw. Entry 19-14. A remittitur was issued on May 21, 2008. Entry 19-15.

## II.    DISCUSSION

Petitioner filed the instant petition for writ of habeas corpus on March 30, 2009. Entry 1. Petitioner raises four grounds for relief: (1) that she was "denied a direct appeal of a jury trial from trial court sentencing to life and year"; (2) that her trial counsel was ineffective; (3) that her Miranda rights and Fifth Amendment right against self-incrimination were violated; and (4) that her Fourth Amendment rights were violated. Id. at 5-10. Respondent filed a return and motion for summary judgment on August 20, 2009. Entry 18; Entry 19, 1-2. In the motion for summary judgment, Respondent argues that Petitioner's petition should be dismissed as untimely. Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the motion. Entry 20. Petitioner filed a response in opposition to the motion for summary judgment on September 23, 2009. Entry 22.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. The Magistrate Judge reviewed the petition pursuant to the provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and applicable precedents. Petitioner filed a motion to appoint counsel and a motion for extension of time to file an objection to the Magistrate Judge's recommendation on December 28, 2009. Entry 25. This court granted Petitioner's motion for an extension of time to file an objection and denied Petitioner's motion to appoint counsel on January 20, 2010. Entry 27. Petitioner filed an objection to the Magistrate Judge's recommendation

4

on February 18, 2010. Entry 30. The Magistrate Judge filed a Report and Recommendation on December 9, 2009, recommending that Respondent's motion for summary judgment be granted and that Petitioner's petition be dismissed as untimely. Entry 23. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In her objection, Petitioner fails to direct the court's attention to any particular error in the Magistrate Judge's recommendation. Nevertheless, the court has conducted a *de novo* review of the complaint and hereby adopts the Magistrate Judge's recommendation that Plaintiff's complaint be dismissed as untimely. The adjudication of Petitioner's § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254. Under the AEDPA, a petitioner is entitled to habeas corpus relief if the petitioner is in state "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Under 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Petitioner was convicted before the AEDPA went into effect on April 24, 1996. Therefore, Petitioner's one-year limitation period began on April 24, 1996 and ended on April 23, 1997, unless the limitation period was tolled for any properly filed state PCR application. See 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction

or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation"); See Brown v. Angelone, 150 F.3d 370, 376 (1998) (holding that if a prisoner's conviction "became final any time prior to the effective date of the AEDPA," the prisoner had until April 23, 1997, to file [his] § 2254 petition or § 2255 motion").

Petitioner filed her 1989 PCR Action on October 24, 1989. Because the 1989 PCR Action was filed and decided before the effective date of the AEDPA, the action had no effect on Petitioner's one-year limitations period, as her limitations period had not yet began to run. Petitioner filed her 2006 PCR Action on April 27, 2006. Petitioner's 2006 PCR Action was filed more than one year after April 23, 1997, the date upon which the one-year limitation period ended. Even if Petitioner had filed her 2006 PCR Action before the one-year limitation period ended, it would not toll the statute of limitations because the 2006 PCR action was dismissed in the state court as untimely. See Pace v. DiGugliemlo, 544 U.S. 408, 410 (2005) (finding that a petitioner's petition for writ of habeas corpus was not properly filed within the meaning of § 2254 because the petitioner's state post-conviction petition was dismissed by a state court as untimely").

Petitioner filed the instant petition on March 30, 2009, more than eleven years after the one-year limitation period ended on April 23, 1997. Accordingly, Petitioner's petition for writ of habeas corpus was not timely filed and is barred by § 2244(d)(2).

## III.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this

standard by demonstrating that reasonable jurists would find that any assessment of the constitutional

claims by the district court is debatable or wrong and that any dispositive procedural ruling by the

district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee,

252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Petitioner has not made the requisite

showing. Accordingly, the court **denies** a certificate of appealability**.**

## IV.    CONCLUSION

Respondent's motion for summary judgment is hereby **granted.** Petitioner's petition for writ

of habeas corpus under 28 U.S.C. § 2254 is hereby **dismissed** with prejudice. The court adopts the

Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

IT IS ORDERED.


s/Margaret B. Seymour
United States District Judge

March 26, 2010
Columbia, South Carolina